IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON


GILBERT L. SPURLOCK,

      Plaintiff,

V.                                                                CIVIL ACTION NO. 3:04-1193


BANK OF AMERICA and
DAVID SAUNDERS,

      Defendants.


**FINDINGS AND RECOMMENDATION**


      In November of 2004, an action by plaintiff against the Bank of America seeking recovery of $1,648.76 was dismissed for lack of jurisdiction on grounds that the only conceivable basis for jurisdiction in this Court was diversity and it was apparent that the jurisdictional amount required by 28 U.S.C. §1332 was lacking.[1]  Immediately thereafter, plaintiff began the present action which differs from the previous one only by reason of the fact that plaintiff has also named David Saunders, an officer of the Bank of America, as a party defendant.[2]  In the present action, as in the previous one, plaintiff seeks damages in the amount of $1,648.76 and "any other expenses that may occur due to this law suit reimbursed."  Defendants have filed a motion to dismiss in which they describe the proceedings in plaintiff's initial civil action against the Bank of America and point out that, in this case as in the earlier

---

    [1]  See, Spurlock v. Bank of America, Civil Action No. 3:04-0553.

    [2]  The previous action was filed in forma pauperis; however, plaintiff paid the filing fee in this case.

one, the amount in controversy does not satisfy the jurisdictional requirements of 28 U.S.C. §1332. Plaintiff has filed a response to the motion and the matter is ripe for decision.

Whether the Court simply points out that the amount in controversy in the present case, as previously, fails to satisfy the jurisdictional requirements of §1332 or relies on principles of issue preclusion,[3] the result is the same.  The jurisdictional amount required by 28 U.S.C. §1332 is lacking, this Court is without jurisdiction to adjudicate plaintiff's claims, and, as a consequence,  this action must be dismissed.

## RECOMMENDATION

On the basis of the preceding, it is **RESPECTFULLY RECOMMENDED** that defendants' motion to dismiss be granted and that plaintiff's complaint, and  this action, be dismissed.

Plaintiff and defendants are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Fed.R.Civ.P., the parties  may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of  this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection.  The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that

---

[3] See, City Capital Resources, Inc. v. White, 29 F.Supp.2d 334 (S.D. W.VA. 1998).

failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation.  Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this   Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to plaintiff and all counsel of record.


DATED:  November 2, 2005


MAURICE  G.  TAYLOR,  JR.
UNITED  STATES  MAGISTRATE  JUDGE